UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARNOLD D. HERVY,

    Petitioner,

v.                                          Case No. 8:08-cv-1406-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Hervy petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for solicitation to deliver cocaine and subsequent revocation of probation, for which Hervy serves five years. Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 13). The respondent admits the petition's timeliness (Response at 5 Doc. 13) regarding the revocation of probation and five-year sentence but argues that Hervy is time-barred from challenging the original guilty plea.

## **FACTS**[1]

In March, 2005, Hervy pleaded guilty to solicitation to deliver cocaine. Pursuant to a negotiated plea agreement, Hervy received a below guidelines sentence of twenty-four months probation. Hervy filed no appeal. The following month Hervy violated the conditions of probation by changing his residence without permission and committing a new law violation (burglary). Hervy was permitted to represent himself, with the

---

[1] This summary of the facts derives from Hervy's brief on direct appeal (Respondent's Exhibit 2).

assistance of stand-by counsel, during the revocation proceeding, at which the prosecution introduced both a video recording showing Hervy committing a burglary and Hervy's admission that he committed the burglary. Hervy's defense was an apology to the court for having violated probation. Hervy's probation was revoked and he was sentenced to five years imprisonment. The state chose to not pursue the burglary charges.

## **STATUTE OF LIMITATIONS**

The respondent correctly argues that Hervy is time-barred from challenging the validity of his guilty plea and imposition of probation. The Anti-Terrorism and Effective Death Penalty Act created a new limitation for petitions for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Hervy's conviction was final on April 18, 2005,[2] and the limitation expired one year later, absent tolling for a state post-conviction proceeding. In May, 2007, more than two

---

[2] Because Hervy filed no appeal, the conviction was final thirty days after the imposition of judgment and sentence, which represents the time to appeal. Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988).

years later, Hervy filed a state Rule 3.850 motion for post-conviction relief (Respondent's Exhibit 12). Because he failed to commence either a state post-conviction proceeding or a federal proceeding within the federal one-year limitation period, Hervy is entitled to no tolling and, as a consequence, he is time-barred from challenging the validity of his original guilty plea to the cocaine charge. Grounds one and four are not reviewable.[3]

Hervy appealed the probation revocation and five-year sentence, both of which were summarily affirmed (Respondent's Exhibit 4). Hervy's grounds two and three challenge the validity of the revocation proceedings.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> 
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[3] Ground one alleges that trial counsel rendered ineffective assistance regarding the scoring of Hervy's sentence under the state sentencing guidelines (a state law claim not reviewable in a federal petition for the writ of habeas corpus) and ground four challenges the sufficiency of the evidence (a claim forfeited by Hervy's guilty plea).

- 3 -

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." <u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002); <u>Brown v. Head</u>, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness <u>per se</u>, of the state court decision that we are to decide.").

The state appellate court affirmed (Respondent's Exhibit 4) Hervy's conviction and sentence on direct appeal in a <u>per curiam</u> decision without a written opinion, and likewise affirmed (Respondent's Exhibit 16) the denial of his subsequent Rule 3.850 motion for post-conviction relief. The state appellate court's <u>per curiam</u> affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's

- 4 -

decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Hervy bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the finding of fact in the state court's rejection of Hervy's post-conviction claims (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 13).

Hervy must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Ground Two:

Hervy alleges that the prosecution violated the requirements of Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose an audio recording. The state court rejected this claim as follows.

> In ground two of his Motion, Defendant alleges the State failed to disclose evidence favorable to the defense. Specifically, Defendant alleges the State failed to turn over an audio tape. The Court notes that to establish a Brady violation, the defendant must prove the following: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. See Way v. State, 760 So. 2d 903, 910 (Fla. 2000) (quoting Strickler v. Greene, 527 U.S. 263, 281-282 (1999)). A review of the record reflects that the State did disclose the existence of an audio tape. Therefore, the State cannot be deemed to have suppressed evidence and ground two of Defendant's Motion is denied.

Respondent's Exhibit 13 at 3-4. The state court's finding of fact that the prosecution disclosed the audio recording is presumed correct unless refuted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Hervy presents no basis for rejecting the state court's factual finding. Consequently, Hervy's Brady claim fails because the audio recording was not suppressed by the prosecution.

Ground Three:

Hervy challenges the validity of the revocation of probation because his violation of probation was neither willful nor substantial. Hervy moved from his assigned residence without the approval of his probation officer. Hervy asserts that he moved because the new residence was closer to his employment. The state court rejected this claim as follows.

> In ground five of his Motion, Defendant alleges that his violation of condition three of his probation was not willful or substantial. Specifically, Defendant claims that when he violated condition three it was an emergency situation. However, the Court notes that it is a willful and substantial violation for a defendant to move from his approved residence without permission from his probation officer. See Robinson v. State, 907 So. 2d 1284,1287 (Fla. 2d DCA 2005). Therefore, ground five of Defendant's Motion is denied.

- 6 -

Respondent's Exhibit 13 at 6. Whether his unauthorized move violated a condition of parole is a state law issue that fails to assert the violation of a constitutionally protected right. "A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981)." McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992), cert. denied, 507 U.S. 975 (1993). Moreover, the respondent is correct that Hervy procedurally defaulted this claim by failing to challenge the sufficiency of the evidence on direct appeal.

Accordingly, Hervy's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Hervy and close this case.

ORDERED in Tampa, Florida, on April 14, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE